UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GLEN FANNIN, ) | Case No. 1:11 CV 1410 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| ) | |
| BRIDGETT McCAFFERTY, ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| Defendant. ) | |

*Pro se* Plaintiff Glen Fannin filed this action under 42 U.S.C. § 1983 against former Cuyahoga County Court of Common Pleas Judge Bridgett McCafferty, Cleveland Police Detective Dale DeVorak, and Cleveland Police Detective Lisa Mielnik. In the Complaint, Plaintiff alleges he was wrongfully convicted on drug charges in 2001. He seeks monetary damages and asks that his conviction be overturned.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. That Application is granted.

**I. BACKGROUND**

Plaintiff challenges his 2001 conviction on charges of drug possession. He contends the Cuyahoga County Court of Common Pleas lacked subject matter jurisdiction over his criminal case. He asserts that Detectives DeVorak and Mielnik violated Ohio law to secure his conviction. He contends Judge McCafferty allowed a perjured affidavit to be used as evidence and permitted

exculpatory material to be withheld from him. He alleges a search warrant in the case was received and executed on November 21, 2000, but was signed by Detective DeVorak on December 8, 2000. He contends that he was not the person searched on November 21, 2000, and the drugs found on that date did not belong to him. He claims he is therefore not guilty of the crime of possession. He indicates that the date of the search warrant return is different from the date of the offense listed on the case information sheet. He further alleges that the inventory list shows that he had money in his possession but not heroin. He asserts that his constitutional rights were violated, including his right to Equal Protection under the Fourteenth Amendment.

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

### III. LAW AND ANALYSIS

A person convicted of a crime may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The holding in *Heck* applies whether Plaintiff seeks injunctive, declaratory or monetary relief. *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). Plaintiff's claims of falsified documents and withheld evidence, if found to have merit, would call into question the validity of his conviction. As such, he must also allege his conviction was declared invalid by either an Ohio state court or a federal habeas corpus decision. He has not done so and his claim therefore must be dismissed.

In addition, even if Plaintiff could challenge his conviction in this action, his claims would be untimely. Ohio's two year statute of limitations for bodily injury applies to §1983 claims. *LRL*

*Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995). The events of which Plaintiff complains took place in 2000. He was convicted in 2001. This action was filed on July 12, 2011, well past the expiration of the statute of limitations period. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. *See Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385, at \*\*1 (6th Cir., Oct. 30, 1998)(affirming *sua sponte* dismissal of *pro se* §1983 action filed after two year statute of limitations for bringing such an action had expired).

## IV. CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED**.**

>/s/*Solomon Oliver, Jr.*
>CHIEF JUDGE
>UNITED STATES DISTRICT COURT

October 5, 2011